UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILMANE DESHOMMES,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06769-KES-HBK (HC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

(Doc. 5)

Pending before the Court is Petitioner's pro se motion for appointment of counsel, filed September 3, 2026. (Doc. 5). Petitioner, an immigration detainee in custody of U.S. Immigration and Customs Enforcement (ICE) at the Mesa Verde Detention Facility in Bakersfield, California, proceeds pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).

Petitioner seeks appointed counsel because of the complexity of immigration law and his belief that the Petition has a strong likelihood of success. (Doc. 5 at 2). There is no constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Under the Criminal Justice Act, 18 U.S.C. § 3006A, however, the Court may appoint counsel for a financially eligible person seeking relief under § 2241 when "the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In determining whether appointment of counsel is warranted, the Court considers petitioner's likelihood of success on the merits and ability to articulate claims pro se in light of the legal issues' complexity. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Appointment is also required if the Court authorizes discovery and counsel is necessary for effective discovery; or if the Court determines that an evidentiary hearing is warranted. *See* Rules 6(a) and 8(c); Rules Governing Section 2254 Cases[1]; *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

At the outset, Petitioner did not complete an affidavit of indigency, he paid the $5.00 filing fee, and his motion is silent as to his financial situation. Thus, Petitioner fails to establish that he is financially eligible for appointment of counsel.

Furthermore, to better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondents to respond to the Petition, but the response is not yet due. At this early stage, the Court cannot conclude that Petitioner has shown a likelihood of success on the merits. Respondents have also been directed to attach any records necessary to resolve the Petition, so it is not yet clear whether discovery or an evidentiary will be required. Although Petitioner cites the complexity of immigration law, he has adequately filed a habeas petition that sets out facts and supporting legal authority in a coherent manner. On the present record, the, Court does not find that appointment of counsel is necessary to prevent due process violation.

Accordingly, IT IS ORDERED:

Petitioner's Motion for Appointment of Counsel (Doc. 5) is denied without prejudice.

Dated: September 16, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules governing section 2254 Cases may be applied to habeas petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b).