UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMANE DESHOMMES (A-Number: 244-577-077), Petitioner, v. WARDEN OF THE MESA VERDE DETENTION FACILITY, et al., Respondents. | Case No. 1:26-cv-06769-KES-HBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING HEARING WITHIN FOURTEEN (14) DAYS<br><br>Doc. 1 |

Petitioner Wilmane Deshommes is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The court has previously addressed the legal issues raised by the petition. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Respondents argue that petitioner's detention is mandatory under 8 U.S.C. § 1225(b). Doc. 7 at 2. However, this court has held that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government

bears the burden of proving that the noncitizen is a flight risk or danger to the community. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025). Thus, for the reasons stated in the court's prior orders, the petition for writ of habeas corpus is GRANTED.

Accordingly, respondents are ORDERED to provide petitioner Wilmane Deshommes (A-Number: 244-577-077) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances and alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond. If respondents do not provide petitioner with a bond hearing within fourteen (14) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve Mesa Verde Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 25, 2026

UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.